# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>vs.<br><br>DONALD WAYNE VARNADO,<br><br>                         Defendant. | CASE NO. 14cr283-LAB-1 and 16cv1833-LAB<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

Defendant Donald Wayne Varnado pled guilty pursuant to a plea agreement to possession of methamphetamine with intent to distribute, and of possession of a firearm in connection with the drug offense. Under his plea agreement, he waived appeal and collateral attack except for challenges based on effective assistance of counsel, provided he was not sentenced to more than the 60 months above the high end of the guideline range recommended by the government pursuant to the plea agreement. The plea agreement specifically excluded any agreement as to his criminal history category. (Docket no. 22 at 10:25–27.) After a recommended 5K1.1 departure of -7, the resulting guideline range recommendation was 84 to 105 months and the actual recommendation was 120 months. (Docket no. 26). On July 29, 2014 he was sentenced to two consecutive sentences of 60 months, for a total of 120 months. (Docket no. 44 at 2.) Varnado filed no appeal or collateral attack, and his sentence became final.

In November, 2014, California voters passed Proposition 47, under which Varnado was eligible to petition California's state courts to retrospectively reclassified two of his state convictions from felonies to misdemeanors. By orders dated February 19, 2016, two of his felonies were so reduced. (*See* Docket no. 47, Exs. A and B.) Varnado then filed a petition to be resentenced by this Court, pursuant to 28 U.S.C. § 2255. He argues that with the state's reclassification of his offenses, he is entitled to a lower sentence.

The offenses Varnado pled guilty to carry mandatory minimum sentences. His sentences were not guidelines-driven, but were statutory. His argument that he would have been given a lower sentence under changed guidelines therefore fails. *See, e.g., United States v. Paulk*, 569 F.3d 1094 (9th Cir. 2009) (per curiam) (holding that defendant whose sentence was based on statutory mandatory minimum rather than sentencing guidelines was not entitled to a reduction under § 3582(c)(2) based on guideline amendment).

In addition, Varnado was properly sentenced under the law in force at the time, and he does not argue otherwise. The argument he raises here is foreclosed by *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016)'s holding regarding the effect of Proposition 47 reclassifications on federal sentencing. *See especially id.* at 975 ("[E]ven if California decided to give Proposition 47 retroactive effect for purposes of its own *state* law, that would not retroactively make [the defendant's] felony conviction a misdemeanor for purposes of *federal* law.")

Finally, Varnado waived collateral attack, and his petition can properly be denied on that basis as well. Even if Varnado had been entitled to benefit from the reclassification of his state convictions at the time of sentencing, his criminal history score would (at best) have been reduced from 15 to 9.[1] Using the sentencing table in effect at the time, and keeping all other factors the same, his criminal history category would have dropped from VI to IV, and the guideline range would have dropped to 63–78 months. Because his sentence was

---

[1] The motion does not identify which two of Varnado's five convictions were reclassified as misdemeanors, but bearing in mind that he had five convictions, each of which scored three points, it does not really matter. At best, two of the convictions would not have scored, resulting in a criminal history score of 9 instead of 15.

less than 60 months higher than the high end of that range, his waiver still would have been effective. The fact that Proposition 47 was not yet enacted does not affect the validity of his waiver. *See United States v. Johnson*, 67 F.3d 200, 202 (9th Cir.1995).

The motion is **DENIED** and a certificate of appealability is also **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED: April 24, 2017

**HONORABLE LARRY ALAN BURNS**
United States District Judge