UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>vs.<br><br>DONALD WAYNE VARNADO,<br><br>                              Defendant. | CASE NO. 14cr283-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE [Dkt. 51]** |

      In 2014, Donald Wayne Varnado pleaded guilty to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm in connection with a drug offense, in violation of 18 U.S.C. § 924(c)(1). Both offenses carried mandatory minimum sentences, and the Court was required to run the sentences consecutively, resulting in a total custodial sentence of 120 months. Varnado, who is scheduled to be released from Bureau of Prisons ("BOP") custody in July 2022, moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), urging the Court to permit him to serve the balance of his custodial sentence in home confinement. The Court has jurisdiction to rule on the motion and, for the reasons below, **DENIES** it.

      Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the BOP to file such a motion on his or her behalf. A court may grant the defendant's own motion for a modification in sentence only if the motion was

filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Varnado bears the burden to establish that he is eligible for a sentence reduction. *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or. 2020)

The exhaustion requirement is satisfied here. Varnado has established that he petitioned the warden of his facility, FCI Lompoc, for compassionate release on March 27, 2020. In his request, Varnado noted that he had served more than two-thirds of his sentence and "ha[s] bad asthma and COPD and [is] 62 years old." Motion, Dkt. 51, Ex. C. On April 14, 2020, the warden of FCI Lompoc, B. von Blanckensee, denied the request. *Id.*, Ex. D. Thirty days have passed since Warden von Blanckensee received Varnado's petition, so the Court has jurisdiction to grant him relief.

Turning to the merits of the request,[1] the Court finds the § 3553(a) factors continue to cut in the same direction they did at the time of sentencing. Varnado's offenses—possession with intent to distribute methamphetamine and possession of a firearm in

---

[1] Whether district courts have authority to grant a reduction in sentence under § 3582(c)(1)(A) where the defendant's original sentence was based on a *mandatory minimum* is an open question. While some district courts in other circuits have found that the imposition of a mandatory minimum sentence doesn't deprive the court of the authority to later grant compassionate relief, *see, e.g., United States v. Bess*, 2020 WL 1940809 (W.D.N.Y. 2020) (granting a § 3582(c)(1)(A) motion and finding "no indication in the text of section 3582(c)(1)(A) that courts are limited to offering compassionate release only to those inmates who have satisfied their statutory-minimum terms of incarceration"), the Ninth Circuit hasn't addressed the issue and this Court is not convinced that the out-of-circuit authority is correct. Because the Court denies Varnado's motion on the merits, it doesn't reach this issue.

connection with a drug offense—are undoubtedly serious, and his situation is compounded by his lengthy criminal history.  Varnado's has committed at least *fifteen* separate offenses dating back to the late 1970's.  They include—just to name a few—assault with a deadly weapon, forgery, possession with intent to sell marijuana, possession with intent to sell methamphetamine, and multiple instances of assault on peace officers and grand theft.  The substantial sentence the Court imposed in this case reflected both the seriousness of his current offenses but also his recidivism and an acknowledgment that previous (lesser) sentences he has received clearly have not deterred his criminal propensities. Acknowledging that Varnado has served a substantial portion of his sentence, the Court has reconsidered the § 3553(a) factors and finds that they weigh in favor of his continued detention – both to protect the public and to serve as a deterrent.

The Court also finds that Varnado hasn't demonstrated that "extraordinary and compelling reasons" warrant modification of his sentence. 18 U.S.C. § 3582(c)(1)(A). While the Court accepts his allegation that he is uniquely at risk for contracting and suffering complications from coronavirus because he suffers from COPD and asthma, Varnado has not shown that FCI Lompoc lacks the ability to manage his health during the pandemic.  In fact, Varnado admits that the Lompoc medical staff provides him with medication daily to treat his asthma and COPD, which suggests the facility is aware of his health conditions and is taking necessary precautions to protect him.

For all of these reasons, Varnado's Motion for a Reduction of Sentence is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 15, 2020

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge